## HASWELL *v.* PARSONS.

WHERE certain household furniture is claimed as exempt from execution, the fact that the number of beds claimed—six in all—is greater than is required for the immediate and constant use of the family, is no objection.   Such a construction of the statute would be too narrow.

Where a party was absent in San Francisco, at the time such furniture was sold on execution, on account of sickness in his family, it is a sufficient excuse for not claiming the exemption at the time, the defendant, plaintiff in execution, being aware of such claim, it having been made on a previous seizure.

In suit against plaintiff in execution, for the value of household furniture sold thereunder, as being exempt, defendant offered to show that plaintiff agreed to place the property in the hands of a third person, to be sold for the benefit of defendant, the creditor; *Held*, that the evidence was not admissible, because such agreement does not necessarily waive the exemption from forced sale.

APPEAL from the Tenth District.

The Court below found—1st. That on the second day of January, 1858, plaintiff, a resident of Yuba county, was a farmer, house-holder, and head of a family, having a wife and three children dwelling with him in said county.    2d. That at the time aforesaid, plaintiff was owner and in possession of two horses and one wagon, with the harness therefor, and no other horse, wagon, or harness ; that said horses, wagon, and harness were necessary to plaintiff's farming business, and to the support of his family, and were worth three hundred and fifty dollars ; that he was also, at the same time, the owner and in possession of certain household and kitchen furniture, which were absolutely necessary for his family—there being six or seven beds—and were worth one hundred and twenty-eight dollars.

On the trial, defendant introduced a witness, and proposed to ask him whether, after the property in dispute was seized under defendant's attachment against plaintiff, it was agreed between them that witness should take charge of it, and sell it at public or private sale, and apply the proceeds towards paying the judgment of defendant.    Plaintiff objected to the question as irrelevant.    Objection sustained, defendant excepting.    Plaintiff had judgment for four hundred and seventy-eight dollars and costs.    Defendant appeals.

*Z. Montgomery*, for Appellant.

*Reardan & Smith*, for Respondent.

Haswell *v.* Parsons.

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action to recover the value of certain household furniture and other property, alleged to have been exempt from forced sale, which was seized and sold under execution, at the direction of the defendant, upon a judgment recovered by him against the plaintiff. The furniture was the remnant of what had previously been used in keeping a hotel, and, according to the finding of the Court, was no more than was sufficient for the family of the plaintiff. As its value amounted to only one hundred and twenty-eight dollars, it cannot be said that the house was very extravagantly furnished. It may be possible that a less number of beds would have accommodated the plaintiff and his wife and children, but it would be a very narrow construction of the statute to limit the exemption to the number required for immediate and constant use.

The absence of the plaintiff in San Francisco, when the sale took place, was a sufficient excuse for not claiming the exemption at the time. The absence was occasioned by sickness of members of his family, and the defendant was aware of the claim, as in consequence of its assertion the property had been previously released from seizure under an execution issued by himself, upon the same judgment.

The inquiry proposed as to the alleged agreement of the plaintiff to a sale by a third person, was properly excluded. If the plaintiff had agreed to place the property in the hands of a third person, to be sold for the benefit of his creditor, it does not follow that the exemption from forced sale was thereby waived.

Judgment affirmed, with ten per cent. damages.