[Civ. No. 33228.   Second Dist., Div. Three.   July 24, 1969.]

INDEPENDENCE BANK, Plaintiff and Appellant, v. PAUL W. HELLER, Defendant and Respondent.

A. J. Weiss for Plaintiff and Appellant.

Donald E. Leon for Defendant and Respondent.

SHINN, J.*—Independence Bank recovered a judgment of $80,889.93 against John Heller and Paul W. Heller upon a promissory note for money loaned; execution was issued and levied upon the furniture of Paul W. Heller contained in his apartment. Heller filed a claim of exemption of all the property; upon demand of the bank a hearing was had, evidence was introduced and an order was made and entered; the order provided that certain of the property was subject to execution, that the remainder was exempt from execution and the marshal was ordered to return the exempt property to Heller; the bank appeals.

Heller claimed the property was exempt as necessary household furniture under section 690.2 of the Code of Civil Procedure which exempts: "Necessary household, table, and kitchen furniture belonging to the judgment debtor, including one refrigerator, washing machine, sewing machine, stove, stovepipes and furniture; wearing apparel, beds, bedding and bedsteads, hanging pictures, oil paintings and drawings drawn or painted by any member of the family, and family portraits and their necessary frames, provisions and fuel actually provided for individual or family use, sufficient for three months, and three cows and their suckling calves, four hogs and their suckling pigs, and food for such cows and hogs for one month; also one radio, one television receiver, one piano, one shotgun and one rifle."

The greater part of the property had been purchased by Heller, some of it was held by him on consignment by dealers and the remainder had come to Heller as a bequest from his mother. The apartment consists of an entry hall, living room, dining room, two bedrooms, a kitchen and a hallway; the

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

furniture was available for use by Heller and was occasionally used.

Levy of the execution was supervised by the attorney for the bank, and he directed the marshal as to what should be taken; under his directions the marshal left a refrigerator, a chair, a settee, a coffee table, a couch, a rug, a bed, bedding, a television set, kitchen utensils and some trinkets; the property seized was stored, photographed and inventoried. A copy of the inventory and 46 (8 x 10) color photographs were received in evidence. The inventory covers three and a half pages and lists 109 items. Many of the named items include 4, 8 or 16 articles, such as glasses, plates, dishes, etc. The individual pieces number about four hundred.

The facts, which were undisputed, created a unique problem for the trial court. Among the reported cases in this or other jurisdictions we have found no helpful precedent. We have discovered no case in which a man who was unable to pay his debts was ensconced in a luxuriously furnished home and relying upon exemption laws in resisting the efforts of his creditors to collect their debts. We have not been able to find a case in which execution was levied upon furniture sufficient to furnish a moderately sized house. Most all the cases that considered claims of exemption involved the seizure of no more than a very few articles of furniture or wearing apparel.

The court held that 5 statues and 13 pictures (suitable for hanging) were subject to execution and that all other articles were exempt. Included in the exempted articles were pieces of wooden furniture sufficient for all the rooms in the apartment, 2 sets of china, plates, dishes, wine glasses, highball glasses, juice glasses, cordial glasses, beer mugs, water goblets, service plates, salad plates, soup dishes, sauce dishes, cups and saucers, vases, platters, trays, bowls, knives, forks, ash trays and miscellaneous pieces of the same general order. All the wooden pieces were of heavy construction, many of them elaborately carved; most of the tables were marble-topped. All the articles were of good quality; none was of extraordinary value.

It is not questioned by appellant that the property held to be exempt was household and table furniture within the purview of section 690.2. The contentions are that none of the articles taken under the writ was necessary for Heller's use and that errors were committed in the hearing.

The points on appeal are (1) it was error to grant exemption to furniture of the value of $22,449.50 as necessary

within the meaning of section 690.2, (2) it was error to receive evidence of the luxurious manner in which Heller had lived for many years, (3) it was error to exclude evidence of the value of certain silverware and china and (4) it was error to grant exemption to certain property held by Heller on consignment. We shall discuss these points but not in the order stated.

In our approach to the problem we presume that Heller intended to pay the judgment of the bank as soon as he was able to pay it; he did not invest his money in the furniture for the purpose of putting it beyond the reach of his creditors and had no intent or purpose to defraud them. We must consider the foregoing as established facts under the presumption in favor of fair and honest dealing and against fraud, in the absence of evidence contradictory of the presumptions. It was not incumbent upon Heller to introduce evidence that he had honest intentions, and he introduced none; the bank introduced no evidence which tended to prove that Heller acted with a fraudulent purpose.

In view of the presumed good faith of Heller and the court's application of the law to the implied findings upon the factual issue and because the exemption laws should be liberally construed we have concluded that the order should be affirmed.

Heller testified he is the son of wealthy parents, was reared and had lived in an atmosphere of affluence and elegance which he has maintained in the furnishing of his apartment. This signifies that he is possessed of a desire to live in the midst of the finery to which he had become accustomed. He also testified he is an interior decorator and that it is necessary to have his apartment furnished in a style that will impress prospective clients with his professional ability. There was no significant evidence of his use of the property for exhibition, and it is not contended that it was necessary for that purpose.

It is well settled that in deciding whether furniture or wearing apparel is necessary and should be exempted from execution the court will consider the station in life of the owner and the manner of comfortable living to which he has become accustomed. (*Estate of Millington,* 63 Cal.App. 498, 501 [218 P. 1022]; *Los Angeles Finance Co.* v. *Flores,* 110 Cal.App.2d Supp. 850, 856 [243 P.2d 139]; *Slumpff* v. *McGuire & Hansen, Inc.,* 253 Mich. 473 [235 N.W. 224].) The rule fits into section 690.2 which protects the ownership of some posses-

sions because of their artistic and cultural value as well as the things that are necessary for physical use. It is of common knowledge that people who take pride in their homes frequently furnish them with things that are beautiful and elegant as well as useful such as several sets of china of different patterns, a variety of crystal glasses of different styles and tables and chairs in excess of the number that are indispensable.

The word ''necessary'' as used in the statute should not be given the meaning of indispensable. By its terms section 690.2 forbids the interpretation that the exemption is limited to the things the owner cannot do without. Hanging pictures, drawings, paintings, a piano, a radio, a television receiver, a shotgun and a rifle are not exempted *in addition* to household furniture; they are included *as* household furniture, not because they are suitable for physical use but because they contribute to the pleasure and comfort of the owner and perhaps to his pride of ownership. In the eyes of the law they are no less necessary than a chair or a rug. Sections of the code other than section 690.2 exempt a great variety of possessions only if their use is essential in the owner's work but the Legislature has made it clear there is no such limitation with respect to household furniture.

It was proper for the court to consider and give due weight to the testimony of Heller that he had furnished his apartment in a manner to which he had been long accustomed. The statute could have been applied so as to exempt only one set of china, a dozen drinking glasses, a dozen plates and cups and saucers, one of every article of tableware and similar articles to declare as non-exempt all the remaining pieces. In other words the judge could have selected piece by piece those articles which would meet the minimum requirements of an adequately furnished home and held all the pieces that remained over to be subject to execution. This decision of what is necessary household furniture would have ignored the rule under which the courts give consideration to the custom and practice generally followed by many householders of adding to the bare essentials additional articles which they consider necessary to their pleasure, convenience and comfort. We believe such a limitation of the right of exemption would have unduly restricted the right and that the court correctly declined to do so.

It is the universal rule that exemption statutes are to be liberally construed in favor of the debtor. (*Haswell* v. *Parsons*, 15 Cal. 266 [76 Am.Dec. 480] ; *North British & Mercantile Ins. Co.* v. *Ingalls*, 109 Cal.App. 147, 161 [292 P. 678] ;

*Los Angeles Finance Co.* v. *Flores, supra,* 110 Cal.App.2d Supp. 850, 854; 35 C.J.S. p. 54, note 37.) The statutes do not extend the right of exemption to things that are purely ornamental and do not serve some useful purpose but the applicable statutory law of California is that hanging pictures and the means for providing music serve a useful purpose if only by reason of their aesthetic value.

█ The claim of exemption created a purely factual question as to what is necessary household furniture. We believe the court's application of the law was a reasonable one. The court did not rule in favor of Heller, alone; the court envisioned the rights of all persons who furnish their homes in a manner far above the average. To be sure these are people who pay their bills and will not often be found in court, claiming exemption of their furniture, but the court could not give the law an application that would restrict Heller's right merely because he is apparently insolvent. The people who claim exemption of their household furniture are those who are unable to pay their bills.

Heller testified that the pieces of wooden furniture were purchased from dealers in used furniture stores at prices far below their original cost and had been expertly refinished. The bank introduced the opinion evidence of an auctioneer that the items held to be exempt had a value of some $22,000. The bank relies upon this evidence of value, rather than the quantity of the exempted articles to refute the claim of exemption. If Heller had been charged with a fraudulent intent to cheat his creditors the value of the property would have been relevant but in the absence of that issue the value of the property was immaterial to the exemption question.

Appellant also contends that the court refused to receive evidence of the value of certain pieces of glassware, silver, china and crystal. The values of these pieces were listed among the valuations shown on an exhibit prepared by the auctioneer which was received in evidence subject to an objection upon which no ruling was made. Appellant's brief states the values totaled $6,199. Since the objection was not sustained it appears that the court gave consideration to the evidence.

█ It is also contended by appellant that a certain console table and a sideboard were held by Heller on consignment and were improperly held to be exempt because Heller did not own them. The terms of the so-called consignment agreement were not shown, but appellant could not expect to retain

under the execution property that did not belong to Heller. If there was error it was harmless.

In determining the question of exemption the court gave a liberal construction to the term ''necessary household furniture,'' as it was required to do. We believe the court's decision of the factual issue was reasonable and that the order should not be disturbed.

The order is affirmed.

Schweitzer, Acting P. J., and Cobey, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 17, 1969.