[Civ. No. 34300.  Second Dist., Div. One.  Dec. 23, 1969.]

NEWPORT NATIONAL BANK, Plaintiff and Appellant, v.
HERBERT S. ADAIR, Defendant and Respondent.

COUNSEL

Eilers, Loewe, Baranger & Myers and Robert A. Smith for Plaintiff and Appellant.

Donald F. Yokaitis for Defendant and Respondent.

OPINION

**GUSTAFSON, J.**—Plaintiff bank had a money judgment against defendant Adair (the amount of which the record does not disclose) and levied execution against personal property of the defendant. At the time of the levy the property was in the possession of a public carrier which had been engaged by defendant to move the property from defendant's rented home in Los Angeles to a newly rented home in Hillsborough.

The home in Hillsborough was a 14-room house, the rent for which was $1,250 per month. It was comparable to the home in Los Angeles from which defendant moved.

Upon the seizure of the property by the Sheriff of San Mateo County, defendant judgment debtor filed an affidavit claiming that all of the property was exempt from execution under the provisions of section 690.2 of the Code of Civil Procedure[1] in that it was furniture which, because it was used by defendant, "his wife and three children in their normal, usual and customary station in life" was "necessary" within the meaning of that word as used in the cited code section. Plaintiff bank filed a declaration in opposition to the claim of exemption in which it asserted that, other than a few designated items of furniture, none of the seized property was "necessary." The matter was heard on September 19, 1968, with defendant as the only witness testifying.

The evidence disclosed that defendant's work consisted of finding sources of financing for persons who needed financing for which he received a fee when successful. Except for the year 1965 which defendant decribed as disastrous, defendant's income from his work was between $40,000 and $50,000 a year. He used his home as the base of his operations and often entertained clients at his home. The family had the services of a maid who

---

[1]"The property mentioned in Sections 690.1 to 690.25, inclusive, this code, is exempt from execution . . . ." (Code Civ. Proc., § 690.)

"Necessary household, table, and kitchen furniture belonging to the judgment debtor, including one refrigerator, washing machine, sewing machine, stove, stovepipes and furniture; . . ." (Code Civ. Proc., § 690.2.)

had served in that capacity for many years. There was no evidence that any item of personal property which was seized was acquired by defendant after he became indebted to plaintiff bank.

█ Plaintiff's position in the trial court was, as it is here, that the test of what is necessary to a judgment debtor should be determined in the light of the standard of living which is reasonable for a judgment debtor rather than the standard of living enjoyed by that person before he became a judgment debtor. Except for a washing machine, hair dryer, cooler, refrigerator and rotisserie,[2] the trial judge denied plaintiff's motion for an order denying defendant's claim of exemption to all of the items seized. This appeal by plaintiff followed.

We may assume, although the record does not clearly indicate, that the trial judge determined that all of the items ordered returned to defendant were "necessary" to maintain the standard of living which defendant enjoyed prior to becoming a judgment debtor. After the briefs were filed in this appeal this court (through Division Three) decided *Independence Bank* v. *Heller* (1969) 275 Cal.App.2d 84 [79 Cal.Rptr. 868] which we think is determinative of the issue presented by the plaintiff.

In *Independence Bank* the judgment debtor owed the judgment creditor over $80,000. (We are unaware of the amount owed to plaintiff in this case.) The judgment debtor, who apparently lived alone, had a large apartment lavishly furnished with over $22,000 worth of furniture. (We are not informed of the value of the property seized in the case at bench.) The judgment debtor had become accustomed to living "in an atmosphere of affluence and elegance" before he became a judgment debtor. In affirming an order which allowed an exemption for almost all of the property, this court rejected the idea that the trial judge should "have selected piece by piece those articles which would meet the minimum requirements of an adequately furnished home" and the idea "that the exemption is limited to the things the owner cannot do without." On the contrary, the court held that "in deciding whether furniture or wearing apparel is necessary and should be exempted from execution the court will consider the station in life of the owner and the manner of comfortable living to which he has become accustomed."

The exemption statutes have been described by a committee of the State Bar of California as obsolete, rigid, inequitable, overlapping and illogical. (42 State Bar J. 869 (1967).) With respect to section 690.2 of the Code of Civil Procedure, the committee concluded that "items which are neces-

---

[2] We do not intimate any opinion on whether any or all of these items should have been held exempt from execution because defendant has not appealed.

sary for the care and maintenance of the debtor or his family should be exempt regardless of their value." This is in effect the conclusion reached by this court in *Independence Bank.*

The trial judge in the case at bench said: "I simply do not adopt the view that the furnishings have to be so sparse that it amounts to a bed and a table and a couple of chairs, and so forth." Plaintiff's counsel disagreed. It seems to us that plaintiff's position would burden judges with most difficult problems. If the judgment debtor and his wife each slept alone in a large bed, it could be persuasively argued that both could sleep in the same bed and that one bed ought to be subject to execution. If the judgment debtor has a $3,000 library desk, it could be persuasively argued that he could make do with a $200 desk. But what would a judge do if levy has been made on the desk? The property is either exempt from execution or it is not. If the judge determines that the desk was not exempt, the judgment debtor would have no opportunity to obtain a $200 desk because the judgment creditor would get the proceeds from the sale of the desk. The Legislature has not limited the furniture exemption (except as to certain items) to any designated quantity or to any specified dollar value. We therefore think that the objective test set forth in *Independence Bank* (that is, furniture is necessary if it is appropriate to the station in life of the judgment debtor and the manner of comfortable living to which he has become accustomed) is practical and easily applied. Plaintiff's complaints about the alleged injustice of a judgment debtor's living in luxury when he owes money should be addressed to the Legislature and not to the courts.

The order is affirmed.

Lillie, Acting P. J., and Thompson, J., concurred.