In the Matter of David Andrew BAUGH and Rosetta Jane Baugh, Debtors.

David Andrew BAUGH and Rosetta Jane Baugh, Plaintiffs,

v.

BANK OF CARTHAGE, Defendant.

Bankruptcy No. 81–03073–SW.
Adv. No. 81–1736–SW.

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

Nov. 9, 1981.

R. Deryl Edwards, Joplin, Mo., for plaintiffs.

J. Kevin Checkett, Carthage, Mo., for defendant.

## FINAL JUDGMENT GRANTING LIEN AVOIDANCE

DENNIS J. STEWART, Bankruptcy Judge.

The plaintiffs filed a complaint seeking to avoid the defendant's security interest in their personal property pursuant to the provisions of § 522(f)(2) of the Bankruptcy Code. That section provides that

"the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . .

(2) a nonpossessory, nonpurchase-money security interest in any . . . household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

The defendant filed its answer and, in substance, alleged that the plaintiffs were not entitled to § 522(f)(2) lien avoidance because the value of some of the items in question exceeded $200.00. Section 522(d)(3) of the Bankruptcy Code provides that a debtor may exempt his "interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, . . . , that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

Even if the *unspecified* items which the defendant contends are worth more than $200.00 are, in fact, worth more than $200.00, it appears that the plaintiffs are still entitled to avoid the defendant's lien on those items. Any excess value, up to $4,700.00, would be exempt under the provisions of § 522(d)(5) of the Bankruptcy Code. That section allows a debtor to exempt his "aggregate interest, not to exceed in value $400.00 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property." A review of the plaintiffs files and records reveals that *they* have an additional $4,700.00 in potential exemptions available under § 522(d)(5). (*Each* debtor would be entitled to $400.00 plus $7,500.00 minus $5,550.00 already used.) Thus, barring a showing that the property is worth more than $4,700.00 (plus $200.00 for each item under § 522(d)(3)), the only deterrent to the plaintiffs' utilization of § 522(d)(5) would be a finding that the property in issue is not eligible for exemption under that section. The language of § 522(d)(5), however, is unambiguous in allowing "any property" to be exempted. Moreover, the United States Court of Appeals for the Seventh Circuit recently held that the general exemption of § 522(d)(5) "may be applied to any property that is property of the estate . . . ." *In the Matter of Smith*, 640 F.2d 888, 891 (7th Cir. 1981). That court's reasoning was as follows:

"We hold that the general exemption may be applied to any property that is property of the estate—including, of course, causes of action arising under the federal Truth in Lending Act or similar state statutes. "Our holding is based primarily on the legislative history of the Bankruptcy Reform Act of 1978. Congress found that 'there is a Federal interest in seeing that a debtor that [sic] goes through bankruptcy comes out with adequate possessions to begin his fresh start.'

The general exemption was intended to insure that there was no discrimination between homeowners and non-homeowners in achieving that goal. By permitting non-homeowners (or homeowners with property valued under $7,500.00) to exempt the unused portion of the homestead exemption, plus $400, Congress in effect gave all debtors potentially the same $7900 stake .... [T]he Code as enacted permits the use of 'any property.' Exemption statutes are to be construed liberally. In view of Congress' goal of providing a meaningful fresh start for debtors, it makes no sense to limit the type of property that may be applied to the general exemption without a clear statement of Congressional intent to do so." *Id.*

Accordingly, it is therefore

ADJUDGED that the plaintiffs' complaint to avoid the defendant's security interest in their personal property as set out in Exhibit A of their complaint be, and it is hereby, granted unless within 10 days of the date of entry of this judgment the defendant shows by affidavit that the value of the property exceeds the exemptions available to the plaintiffs.