**In re Steven Michael LUCAS and Samantha Jo Lucas, Debtors.**

**Bankruptcy No. 85–06603–LM7.**

United States Bankruptcy Court, S.D. California.

July 16, 1986.

Ivan Trahan, San Diego, Cal., for debtors.

Jerry Suppa, San Diego, Cal., for Aetna.

## MEMORANDUM DECISION

LOUISE DeCARL MALUGEN, Bankruptcy Judge.

Steven and Samantha Lucas ("Debtors") seek to avoid liens of ITT Financial Services, formerly known as Aetna Finance Company ("Aetna"). 11 U.S.C. § 522(f)(2)(A) permits a debtor to avoid non-possessory, non-purchase money security interests in, among other things, the debtor's "household furnishings" and "household goods." Aetna opposes the Debtors' lien avoidance action on the ground that, under state law, the subject items of collateral do not qualify as "household furnishings" or "household goods."

## FACTS

Debtors filed a joint Chapter 7 petition and elected to utilize the exemption provisions of § 703.140(b) of the California Code of Civil Procedure ("CCP").[1] Each joint debtor has claimed a $500 jewelry exemption [CCP § 703.140(b)(4)]. The Debtors have not claimed a homestead exemption[2] [CCP § 703.140(b)(1)]. Instead, they have elected to apply this exemption to the provisions of CCP § 703.140(b)(5), California's "catch-all" exemption. Under this provision, a debtor may exempt his interest in any property to the extent of $400, plus any unused portion of his homestead exemption (in this case, $7,500). The Debtors have exempted more than $7,900 worth of property under the catch-all provision.[3] Based on this fact and the Debtors' attempt to claim two jewelry exemptions, the Court surmises that the Debtors are relying on 11 U.S.C. § 522(m) to support an argument that each joint debtor is entitled to the exemptions provided under CCP § 703.140(b).

1. Pursuant to 11 U.S.C. § 522(b)(1), California has opted out of the federal § 522(d) exemptions. CCP § 703.130. Within California's general exemption statute, CCP § 703.010 et seq., only bankruptcy debtors may claim § 703.140(b) exemptions. CCP § 703.140. Joint bankruptcy debtors may utilize these exemption provisions only if each joint debtor elects to do so. CCP § 703.140(a)(1).

2. The Debtors' original schedule of exempt assets did not list a homestead exemption. Only in Steven's first amended exemption schedule did the Debtors attempt to claim such exemption. However, they failed to follow the amendment instructions set forth in Form CSD 115. Accordingly, the Debtors have not claimed a CCP § 703.140(b)(1) homestead exemption.

3. The Debtors claim the following exemptions under the catch-all provision of CCP § 703.140(b)(5):

| | |
|---|---|
| Deposits | $ 489 |
| Steven, excess jewelry | $ 344 |
| Samantha, excess jewelry | $3,655 |
| Home Entertainment (Stereo) | $ 800 |
| Television Recording System (VCR) | $ 528 |
| Answering Machine | $ 132 |
| Oil Paintings | $ 500 |
| Figurines (6) | $1,200 |
| Steins (5) | $ 330 |
| Camera | $ 670 |
| Golf Clubs | $ 385 |
| Exercise bike | $ 200 |
| Total | $9,233 |

## ISSUES

I. Does 11 U.S.C. § 522(m) authorize California joint debtors to each claim California exemptions?

II. Under California law, which items of Aetna collateral are "household furnishings" or "household goods"?

III. May a debtor avoid a lien encumbering his interest in a "household furnishing" or "household good" when the debtor exempts that interest under the State's catch-all exemption rather than under its household furnishings/goods exemption?

## DISCUSSION

I. *Applicability of 11 U.S.C. § 522(m) to California Exemptions.*

■ 11 U.S.C. § 522(m) provides, "[s]ubject to the limitations of [§ 522(b)], this section shall apply separately with respect to each debtor in a joint case." Pertinent legislative history provides, "[s]ubsection (m) provides the rule for a joint case; each debtor is entitled to the federal exemptions provided under this section or to the state exemptions, whichever the debtor chooses." H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 363 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6319.

The circuits differ as to whether § 522(m) requires those states which have opted out of the scheme of federal exemptions to apply their exemption schemes separately to each debtor in a joint case. See, e.g., *In re Granger*, 754 F.2d 1490, 1492 (9th Cir.1985); *First National Bank of Mobile v. Norris*, 701 F.2d 902, (11th Cir.1983); *Cheeseman v. Nachman*, 656 F.2d 60 (4th Cir.1981). The Ninth Circuit has adopted the rule that those states which have "opted out" are not bound by § 522(m). *Granger, supra*, at 1492.

Accordingly, each joint debtor may not independently claim the exemptions provided by California law, but rather, must "share" the exemptions.

II. *Which Items Are "Household Furnishings" or "Household Goods"?*

Bankruptcy debtors may not avoid liens encumbering an item of property unless that item is, *inter alia*, a "household furnishing" or "household good." See 11 U.S.C. § 522(f)(2)(A).

The California Code of Civil Procedure does not define the term "household furnishings" nor "household goods." Under the prior California exemption statute, California courts held that household items were exempt "household furnishings" or "household goods" if they were "necessary". *Independence Bank v. Heller*, 275 Cal.App.2d 84, 79 Cal.Rptr. 868 (1969); *Newport National Bank v. Adair*, 2 Cal. App.3d 1043, 83 Cal.Rptr. 1 (1969); *Estate of Millington*, 63 Cal.App. 498, 218 P. 1022 (1923); *Los Angeles Finance Co. v. Flores*, 110 Cal.App.2d Supp. 850, 243 P.2d 139 (1952). "Necessary" furniture does not have to be indispensable to the bare existence of the debtor and his family. *Haswell v. Parsons*, 15 Cal. 266 (1860). In discussing whether a particular household furnishing or good is "necessary", the leading California case holds that a furnishing or good is "necessary" if it is appropriate to, "the station in life of the owner and the manner of comfortable living to which he has become accustomed." See *Independence Bank, supra*, 275 Cal.App.2d at 87, 79 Cal.Rptr. 868; See also, *Newport National Bank, supra*, 2 Cal.App.3d at 1046, 83 Cal.Rptr. 1, 41 A.L.R.3d at 607 (1972).

California's current exemption statute provides that debtors may exempt household items if they are "ordinarily and reasonably necessary" to the debtors and their dependents at their principal place of residence. CCP § 704.020(a)(1). With respect to whether property is "ordinarily and reasonably necessary", California courts must consider the extent to which the item is ordinarily found in a household, and whether the item has extraordinary value as compared to the value of the same item found in other households. CCP § 704.020(b)(1) and (2).

1. *Stereo and VCR.*

■ California has already held that a stereo is a "necessary household furnish-

ing." *In re Marriage of Sanabia*, 95 Cal. App.3d 483, 157 Cal.Rptr. 56 (1979); See also, *Matter of Beard*, 5 B.R. 429 (S.D. Iowa 1980) (stereo is a "household good"); *In re Ruppe*, 3 B.R. 60 (Bankr.D.Colo. 1980). Although California has not decided whether a videocassette recorder ("VCR") is an exempt household item, Iowa has held that VCR's are exempt "household goods." *Beard, supra*, at 431.

The *Beard* court reasoned that the debtors' VCR was an exempt household good because VCR's, like stereos, were a widely used and accepted source of family entertainment. The *Beard* court declined to distinguish between the debtors' VCR and their stereo; the two differed solely only in that the VCR produced visual images while the stereo produced sound. *Id.*

Today, stereo sound systems and television recording systems are common household items. Compared to the ordinary values of a stereo and a VCR, the Debtors' systems are not extraordinarily valuable. See CCP § 704.020(b)(1) and (2). The Debtors' stereo and VCR in which Aetna claims an interest may be claimed as exempt "household furnishings."

### 2. *Telephone Answering Machine.*

■ In 1986, in California, answering machines are quite common household items. They perform a useful function for families in which, as here, both spouses are employed full time. This Court holds that the Debtors' telephone answering machine is an exempt "household good."

### 3. *Oil Paintings and Figurines.*

*Independence Bank, supra*, 275 Cal. App.2d at 88, 79 Cal.Rptr. 868, states:

Hanging pictures, drawings, paintings ... are not exempted *in addition to* household furniture; they are included *as* household furniture, not because they are suitable for physical use, but because they contribute to the pleasure and comfort of the owner and perhaps to his pride of ownership. In the eyes of the

law, they are no less necessary than a chair or a rug.

The court, at 89, 79 Cal.Rptr. 868, further stated:

... the applicable statutory law of California is that hanging pictures ... serve a useful purpose if only by reason of their aesthetic value.

Based on this authority, the Court finds that the Debtors' oil paintings are exempt household furnishings.

■ The six Hummel figurines [4] in issue present a closer case but, for the following reasons, the Court concludes they are also exempt household furnishings. First, this Court cannot discern a meaningful distinction between exemptible paintings and figurines. As a preliminary matter, it would seem that if paintings are exempt household furnishings, so, too, should figurines be exempt household furnishings.

Second, the figurines appear to meet the tests set forth by CCP § 704.020(b). That section requires courts to consider:

1. The extent to which the particular type of item is ordinarily found in a household, and

2. Whether the particular item has extraordinary value as compared to the value of the same type of item found in other households.

The "type of item" is a figurine. Figurines are common pieces of household art. The figurines pass the first test of CCP § 704.020(b).

While a $200 unit value of these Hummel figurines seems quite high when compared to the value of figurines in other households, this Court is under a duty to liberally construe exemption statutes in favor of debtors. See, *Haswell, supra; Independence Bank, supra.* Mr. Lucas has been a plumber for eight years. Mrs. Lucas has worked in accounting at Merrill Lynch Mortgage Corporation for five years. The Debtors' aggregate 1984 income exceeded $32,000. This record of steady employ-

---

4. Hummel figurines are small statues of children or animals, usually in naive or sentimental poses. They are viewed by some as items to be "collected" as art.

ment and level of income supports a finding that the Debtors' ownership of the six figurines, worth $1,200, was appropriate to, "the station in life of the owner[s] and the manner of comfortable living to which [they] have become accustomed." See *Independence Bank, supra,* 275 Cal.App.2d at 87, 79 Cal.Rptr. 868. Further, *Independence Bank,* at 87–88, 79 Cal.Rptr. 868, states that California exemption law protects;

> ... some possessions because of their artistic and cultural value as well as [because] the things ... are necessary for physical use. It is common knowledge that people who take pride in their homes frequently furnish them with things that are beautiful and elegant as well as useful. ...

The instant figurines may have German cultural value as well as enhance the beauty of the debtors' home. Therefore, with respect to the Hummel figurines, the Court holds that these valuable, but neither extraordinary nor extraordinarily valuable, items are "household furnishings".

### 4. *German Beer Steins.*

■ In *Independence Bank,* the court affirmed the lower court holding that, among other things, the debtors' beer mugs were exempt articles. *Independence Bank, supra,* 275 Cal.App.2d at 86, 79 Cal. Rptr. 868. Beer mugs are a common household item. The particular beer mugs at issue, like the figurines, are relatively valuable. However, as with the figurines, it cannot be said that German beer steins of an average unit value of $56 are extraordinarily valuable. Accordingly, the Court holds the steins are exempt "household goods."

### 5. *Camera, Golf Clubs and Exercise Bike.*

■ This Court follows those courts which have held that camera equipment is not exemptible as a household furnishing or good. See, e.g., *Beard, supra; Ruppe,*

*supra.* Even though debtors may use camera equipment in their home, such equipment, unlike art or home entertainment systems, is commonly used outside of the home. For this reason, it cannot be said that cameras are a household furnishing or household good. For the same reason, the Debtors may not exempt their golf clubs as a household furnishing or good.

■ The Debtors' exercise bike presents a closer question. Although such items remain in the home, this Court does not believe that an exercise bike is an item, "ordinarily found in a household." See CCP § 704.020(b)(1). Further, this Court believes exercise equipment is a legitimate source of security to consumer debt lenders who serve a valuable purpose in our credit oriented society. Congress did not intend to place all non-purchase money secured loans in jeopardy when a debtor files a bankruptcy petition. *In re Meyers,* 2 B.R. 603 (Bankr.E.D.Mich.1980).

### III. *Which Aetna Liens May The Debtors Avoid?*

Currently, the Debtors' catch-all exemption is oversubscribed.[5] However, they may claim exemptions for some items under the household goods exemption [CCP § 703.140(b)(3)], rather than under the catch-all provision [CCP § 703.140(b)(5)].

California's household item exemption provision permits debtors to exempt their interest, "not to exceed ... ($200) in value in any particular item," in their "household furnishings" and "household goods." CCP § 703.140(b)(3). This Court has held that the following items are "household furnishings" or "household goods": the stereo, VCR, telephone answering machine, paintings, figurines and steins.

The telephone answering machine, figurines and steins have a unit value of not more than $200. The Debtors may fully exempt them under CCP § 703.140(b)(3).

---

**5.** The Debtors' are entitled to a catch-all exemption in the amount of $7,900. They have claimed property worth $9,233; $9,733 if their second $500 CCP § 703.140(b)(4) jewelry exemption (to which they are not entitled) is included in the catch-all.

The Aetna liens impair such exemptions. The Debtors may avoid these liens.

The stereo, VCR and paintings have unit values that exceed $200.[6] The Debtors may not exempt their interest in the stereo, VCR and paintings for that portion of the value of each item that exceeds $200 (hereinafter the Debtors' "excess value"). CCP § 703.140(b)(3). Therefore, the Debtors may avoid Aetna's lien on each item only to the extent of $200.

Two questions remain. First, may the Debtors exempt their excess value in these household items under the California catch-all exemption? Second, if so, may they avoid the Aetna lien that impairs the Debtors' catch-all exemption of their interest in the excess value in each item?

 The language of the California catch-all exemption provision permits debtors to exempt their interest in *any* type of property. CCP § 703.140(b)(5). Accordingly, under the catch-all exemption provision, California debtors may exempt their interest in the excess value in goods which are not fully exemptible under other exemption provisions.

 Aetna's liens impair the Debtors' catch-all exemption of their excess value in their stereo, VCR and paintings. These items are "household furnishings" within the meaning of 11 U.S.C. § 522(f)(2)(A). Accordingly, the Debtors may avoid Aetna's liens on these items, but only to the extent that they impair the Debtors' catch-all exemption of their interest in the excess value of those items. *Matter of Baugh*, 15 B.R. 435, 436–37 (Bankr.W.D.Mo.1981) (the *Baugh* debtors were allowed to avoid the creditor's liens even though the liens impaired the debtors' catch-all exemption of their excess value in the subject household items).

The Debtors' camera equipment, golf clubs and exercise bike do not qualify as "household furnishings", "household goods", nor as any other item described in CCP § 703.140(b)(3). Therefore, Debtors may exempt these items *only* under the catch-all provision. Aetna's liens impair the Debtors' exemption of these items. However, since the items do not qualify as "household furnishings", "household goods", nor as any other item described in 11 U.S.C. § 522(f)(2)(A), the Debtors may not avoid the Aetna liens on them.

This Memorandum Decision shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. Counsel for Debtors shall prepare an order in conformance with this Decision within ten (10) days from the date of entry hereof.

Aetna's liens encumbering them. For paintings worth more than $200, the proper lien avoidance analysis is that which applies to the stereo and VCR.

---

6. The Debtors' schedule of exempt assets does not set forth the number of paintings claimed, nor their individual unit values. For paintings worth $200 or less, the Debtors may fully avoid