**In re Steven Michael LUCAS and Samantha J. Lucas, Debtors.**

**Steven Michael LUCAS and Samantha J. Lucas, Appellants,**

**v.**

**ITT FINANCIAL SERVICES, Appellees.**

BAP No. SC–86–1748–JMoAs.

Bankruptcy No. 85–06603–LM7.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted Without Oral Argument March 10, 1987.

Decided Aug. 10, 1987.

Ivan Trahan, San Diego, Cal., for appellants.

Jerry Michael Suppa, San Diego, Cal., for appellees.

Before JONES, MOOREMAN and ASHLAND, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

### FACTS

The Debtors, Steven and Samantha Lucas ("Debtors"), filed a Chapter 7 petition on December 20, 1985. On February 26, 1986, the Debtors filed an amendment to their Schedule B and a Motion for Order to Avoid Non-Possessory, Non-Purchase Money Lien. On May 9, 1986, the Debtors filed a second amendment to their Schedule B.

After a hearing, the court issued a memorandum decision, *In re Lucas*, 62 B.R. 949 (Bankr.S.D.Cal.1986), in which it concluded (1) that because the Debtors did not list a homestead exemption on their original Schedule B and did not follow the amend-

ment instructions, they are not entitled to a homestead exemption; (2) that the Debtors could not each claim the exemptions provided by California law independently, but rather they had to "share" the exemptions; (3) that certain personalty of the Debtors was not "household furnishings or goods" under the California exemptions; and (4) that a lien is avoidable if it impairs property that is exempt under the California "catch all" exemption. The Debtors timely appealed.

### QUESTIONS PRESENTED

I. Whether the California exemption provisions require joint debtors to "share" one set of exemptions and, if so, whether the provisions are constitutional.

II. Whether the Debtors are entitled to a homestead exemption.

III. Whether the Debtors' camera equipment, golf clubs, exercise bike, and Hummel figurines are "household property".

### STANDARD OF REVIEW

A trial court's findings of fact will not be reversed unless clearly erroneous. Bankr. Rule 8013. A trial court's conclusions of law, however, are reviewed *de novo*. *See In re American Mariner Ind., Inc.*, 734 F.2d 426, 429 (9th Cir.1984).

### DISCUSSION

I. *The interpretation and constitutionality of the California exemptions*

The court below concluded that joint debtors are required to "share" the exemptions allowed under California law, Cal.Civ.Proc.Code section 703.140, rather than each debtor claiming a separate set of exemptions. 62 B.R. at 951. The Debtors challenge this construction of the exemption provisions and argue that if the trial court's construction of the California exemptions is correct, then the provisions are unconstitutional.

This Court recently addressed the construction and the constitutionality of the

244

California exemption provisions in *In re Baldwin*, 70 B.R. 612 (9th Cir.BAP 1987). We concluded in *Baldwin* that the California exemptions must be shared by joint debtors and that, as so construed, the exemption provisions suffered no constitutional infirmity. In light of *Baldwin*, there is no need to re-examine these questions and the court below is affirmed regarding its construction of the provisions.

II. *The Debtors' Homestead Exemption*

█ The trial court concluded that:

The Debtors' original schedule of exempt assets did not list a homestead exemption. Only in Steven's first amended exemption schedule did the Debtors attempt to claim such exemption. However, they failed to follow the amendment instructions set forth in Form CSD 115. Accordingly, the Debtors have not claimed a CCP section 703.140(b)(1) homestead exemption.

62 B.R. at 950 n. 2. Notwithstanding the trial court's statement quoted above, the Debtors did claim a homestead exemption of $6,565.63 on their original Schedule B. Nothing on the amendments indicates that the homestead exemption was to be changed or deleted. The Debtors are therefore entitled to a homestead exemption of $6,565.63.

III. *The Household Property Exemptions*

Bankruptcy debtors may avoid nonpossessory, nonpurchase money security interests in exempt property if the property is, *inter alia*, "household furnishings" or "household goods" (hereinafter "household property"). 11 U.S.C. section 522(f)(2)(A). Thus, in order to avoid such a security interest, the subject property must be both exempt and "household property."

1. *Exemptions*

California has opted out of the federal exemption scheme, Cal.Civ.Proc.Code sec-

tion 703.130, so debtors in that state must use the California exemptions. The relevant California exemptions for purposes of this appeal are: (1) a homestead exemption of $7,500.00, *id.* at section 703.140(b)(1); (2) an exemption for any item of "household property" the value of which does not exceed $200.00, *id.* at section 703.140(b)(3); (3) an exemption for the debtor's aggregate interest in jewelry not exceeding $500.00, *id.* at section 703.140(b)(4); and (4) a "catch-all" exemption for the debtor's aggregate interest in any property up to $400.00 plus the unused portion of the homestead exemption, *id.* at section 703.-140(b)(5). As discussed above, joint debtors are entitled to only one set of exemptions.

2. *"Household Property"*

The Debtors, in their original Schedule B and their amendments, seek to exempt $9,233 in property in addition to the $6,565.63 homestead exemption.[1] The trial court concluded that the Debtors' stereo, VCR, telephone answering machine, paintings, Hummel figurines and beer steins were household property. 62 B.R. at 951–3. The court concluded that the Debtors' golf clubs, camera equipment and exercise bike were not household property *Id.* at 953. The court held (1) that the Debtors could fully exempt the answering machine, the figurines, the beer steins, and any individual paintings worth less than $200.00 under the second exemption provision listed above; (2) that the Debtors could exempt $200.00 of the value of the other household property; (3) that the Debtors could exempt the non-household property under the catch-all exemption provision; and (4) that the debtors could avoid liens on property exempt under the "catch all" provisions, but only if such property was "household property". *Id.* at 953–4.

█ On appeal, the Debtors argue that the court erred in concluding that the golf clubs, camera equipment and exercise bike are not household property. The Debtors

---

1. The items of property and their values are listed in the trial court's memorandum decision, 62 B.R. at 950 n. 3.

cite no authority for this proposition but contend that because "such items are common in most middle income homes," they should be characterized as household property.

Appellees argue on appeal that the trial court correctly characterized the golf clubs, camera equipment and exercise bike, but that the figurines should not be considered as household property. Appellees also cite no authority, but argue that the figurines "are not necessary to a basic living standard".

The California exemption provisions do not define household property. The provisions do state, however, that:

(a) Household furnishings, appliances, provisions, wearing apparel, and other personal effects are exempt in the following cases:

(1) If ordinarily and reasonably necessary to, and personally used or procured for use by, the judgment debtor and members of the judgment debtor's family at the judgment debtor's principal place of residence.

Cal.Civ.Proc.Code section 704.020(a). The California exemption provisions further provide:

(b) In determining whether an item of property is "ordinarily and reasonably necessary" under subdivision (a), the court shall take into account both of the following:

(1) The extent to which the particular type of item is ordinarily found in a household.

(2) Whether the particular item has extraordinary value as compared to the value of items of the same type found in other households.

*Id.* at section 704.020(b). California courts have held that "in deciding whether furniture or wearing apparel is necessary and should be exempted from execution the court will consider the station in life of the owner and the manner of comfortable living to which he has become accustomed." *Independence Bank v. Heller,* 275 Cal. App.2d 84, 79 Cal.Rptr. 868, 871 (1969); *see Newport Nat'l Bank v. Adair,* 2 Cal. App.3d 1043, 83 Cal.Rptr. 1, 2 (1969).

The trial court concluded that the Debtors' camera equipment and golf clubs are not household property because they are commonly used outside the home, and that the Debtors' exercise bike is not household property because it is not "ordinarily found in a household," and because such property is a legitimate source of security for lenders.

California courts have not addressed whether these three items are household property and apparently no court has considered whether golf clubs or exercise bikes are household property. Two courts have concluded that camera equipment is not household property. *In re Beard,* 5 B.R. 429 (Bankr.S.D.Iowa 1980); *In re Ruppe,* 3 B.R. 60 (Bankr.D.Colo.1980). The court in *Ruppe* concluded that recreational property should not be entitled to exempt status. 3 B.R. at 60. Here, the golf clubs and exercise bike share with camera equipment the characteristic of being "recreational" in nature.

On the other hand, the Colorado statute considered by the *Ruppe* court is more specific than the California statute at issue here. *See* 3 B.R. at 61 (quoting Colo.Rev. Stat. section 13–54–101(5) (1973)). The court narrowly construed the definition of household goods, apparently feeling reluctant to go beyond the numerous items listed in the statute. 3 B.R. at 61. In addition, California courts have, as stated above, placed substantial emphasis on the debtor's station in life and manner of living. *See Independence Bank,* 79 Cal.Rptr. at 871; *Newport Nat'l Bank,* 83 Cal.Rptr. at 2. These factors strongly suggest that a California court would conclude that the camera equipment, golf clubs and exercise bike are indeed household property. This conclusion is further supported by the principal that exemptions are to be liberally construed in favor of debtors. *In re Ageton,* 14 B.R. 833, 836 (9th Cir.BAP 1981). In light of these factors, we conclude that the trial court erred in concluding that the debtors' golf clubs, camera equipment and bike are not exempt as household property.

246

Finally, the trial court concluded that the Hummel figurines are analogous to paintings, that such items are commonly found in households and that they are not extraordinarily valuable. The court concluded, therefore, that the figurines were household property. This conclusion appears proper, especially in light of the broad construction given the exemption provisions in *Independence Bank*, 79 Cal. Rptr. at 871–72, and *Newport Nat'l Bank*, 83 Cal.Rptr. at 2–3.

## CONCLUSION

In accordance with the above, the trial court's conclusion that the Debtors are entitled to only one set of exemptions is AFFIRMED; the court's conclusion that the Debtors failed to properly claim a homestead exemption is REVERSED; the court's conclusion that the exercise bike, golf clubs and cameras are not household goods is REVERSED; and the court's conclusion that the Debtors' Hummel figurines are household property is AFFIRMED.

As the Debtors have substantially oversubscribed their exemptions, this case is remanded to allow the Debtors to amend their Schedule B in light of this disposition.