In re Harry Leroy GRIFFITHS and Sandra Jill Griffiths, Debtors.

Bankruptcy No. 87–03952.

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

March 21, 1988.

James W. Shafer, Seattle, Wash., for debtors.

James W. Draper, Bellevue, Wash., for Credithrift.

Daniel E. Forsch, Seattle, Wash., Trustee.

MEMORANDUM DECISION AND ORDER DENYING MOTION OF CREDITOR CREDITHRIFT INDUSTRIAL LOAN COMPANY TO COMPEL SURRENDER OF COLLATERAL AND GRANTING MOTION BY DEBTORS TO AVOID CREDITHRIFT'S NON-PURCHASE–MONEY SECURITY INTEREST

SIDNEY C. VOLINN, Bankruptcy Judge.

This matter came before the court on the Motion to Compel Surrender of Collateral of creditor Credithrift Industrial Loan Company pursuant to 11 U.S.C. § 521(2), and debtors' cross Motion to Avoid Nonpurchase–Money Security Interest pursuant to 11 U.S.C. § 522(f)(2)(A). The motions raised the issue of whether certain items of personal property, claimed as collateral by the creditors, can be exempted by the debtors as household goods or furniture under Washington State law for purposes of lien avoidance under federal bankruptcy law.

## FACTUAL BACKGROUND

Debtors, prior to bankruptcy, obtained a loan from Credithrift Industrial Loan Company (hereafter "Credithrift"). To secure the loan, the debtors granted Credithrift a security interest in the following items of personal property as described in the security agreement and Credithrift's memorandum:

> 1 ping pong table, 1 Century lawnmower, 1 picnic table and benches, 1 desk top adding machine, 1 Ergnite bowling ball and bag, 2 tents and camping equipment, 1 set of golf clubs and bag, 2 telephones, 1 antique standup radio, 1 13″ color television, 1 JC Penney VCR, 1 antique sewing machine, Minolta camera, rod and reels, AT & T answering machine, 1 console stereo, 1 black and white television, 1 Black & Decker drill, 1 Black & Decker table saw.

The parties agree that any interest of Credithrift in the above-listed items, assuming perfection, constitutes a nonpossessory, nonpurchase-money security interest.

The debtors filed for relief under Chapter 7 on May 19, 1987. In their Schedule B–2, the debtors claimed the value of their "household goods, supplies and furnishings" to be $3,500 and "wearing apparel, jewelry, firearms, sports equipment and other personal possessions" to be $1,000. In Schedule B–4, the debtors jointly claimed $3,000 worth of household goods

as exempt under RCW 6.16.020(3).[1] In the motion papers, the debtors urge that each item of collateral should be treated as exempt personal property. The debtors did not file a statement of intent, concerning Credithrift's collateral, under 11 U.S.C. § 521(2).[2] We note, however, that Credithrift was scheduled as an unsecured creditor. Debtors have scheduled their debt to Credithrift as amounting to $4,000 at the time of filing, while Credithrift asserts in its Proof of Claim that more than $6,900 remains due and unpaid.

## ISSUE

Pursuant to Washington State law, RCW 6.16.020, and federal bankruptcy law, 11 U.S.C. § 522(d)(3), should the court apply a strict construction of the terms "household furnishings" or "furniture," "household goods" and "appliances" when determining if certain items claimed as collateral can be subject to lien avoidance under 11 U.S.C. § 522(f)(2)(A)?

## DISCUSSION

### 1. *Contentions of the Parties*

The debtors claim each item offered as collateral to Credithrift as exempt personal property under RCW 6.16.020(3), and seek to have any lien of Credithrift avoided under 11 U.S.C. § 522(f)(2)(A).[3] The debtors

---

1. RCW 6.16.020(3) as effective on the filing date provided:

 > The following personal property shall be exempt from execution and attachment, except as hereinafter specially provided:
 >
 > . . . . .
 >
 > . . . . .
 >
 > (3) To each person or family:
 > (a) The person's or family's household goods, appliances, furniture and home and yard equipment, not to exceed one thousand five hundred dollars in value. . . .

 Whether state and federal law applicable when these debtors filed for relief allowed the stacking of the state personal property exemptions was not briefed by the parties and is not decided here; no issue has been made as to the value of the claimed items being in excess of the statutory allowances. We note subsequent amendment and recodification of the above-quoted provision became effective on July 26, 1987, after these debtors' bankruptcy. 1987 Wn.

Laws Ch. 442 §§ 301, 1121. The purpose of the amendment was apparently to prevent stacking.

2. It is provided in U.S.C. § 521(2) as follows:
 > The debtor shall—
 > (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
 > (A) within thirty days after the date of filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property. . . .

3. Lien avoidance as to household property is provided for in the Code by the following:

and Credithrift agree that if the above-listed items of collateral constitute exempt household goods or furnishings, then Credithrift's security interest is avoidable.

The property at issue consists of a ping pong table, bowling ball and bag, golf clubs and bag, rod and reels, camera, lawnmower, picnic table and benches, adding machine, sewing machine, "B & D" drill, "B & D" table saw, 2 telephones, answering machine, radio, color TV, "B & W" TV, VCR, and a stereo. Debtors, without citing authority other than that which calls for broad interpretations of exemptions under Washington law, urge that any property used in or around the home and recreational items used outside the home should be considered exempt property. They assert generally that any other result would be harmful to them. Credithrift contends, on the other hand, that the articles of personal property at issue constitute wholly recreational property that should not be exempted as household goods or furnishings because they are unnecessary to the functioning of a household and to the debtors' survival.

### 2. *Applicable Law*

■ We believe that the result reached here would apply under the federal exemption statute, 11 U.S.C. § 522(d), or under state law. Nevertheless, the debtors having claimed exemptions under Washington State law, we look to Washington law to determine whether or not the items, claimed as collateral by Credithrift, may be exempted by the debtors. *See In re Lucas,*

62 B.R. 949, 951, 953–54 (Bankr.S.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds,* 77 B.R. 242 (9th Cir.BAP 1987) (for avoidance of security interests under § 522(f)(2)(A), when debtors relied upon state law exemptions, applicable state law must be considered prior to application of the Code's lien avoidance provisions); *In re Coleman,* 5 B.R. 76, 79 (Bankr.M.D. Tenn.1980) (the Code's lien avoidance provisions apply to and protect property claimed as exempt under state law).[4]

■ The parties have not referred to any specifically analogous Washington State authority by which we may determine whether the listed items can be exempted under RCW 6.16.020(3). Our research has found generally accepted guidelines for construction and a brief Attorney General's opinion.

The state's exemption laws are to be liberally construed in favor of the debtor. *E.g., State ex. rel. White v. Douglas,* 6 Wash.2d 356, 358, 107 P.2d 593 (1940); *Hills v. Joseph,* 229 F. 865, 869 (9th Cir. 1916). Considering the personal property exemption statute then in effect in Washington State, the Ninth Circuit stated in *Hills* that "the rule of construction applicable to exemption statutes is the most liberal known to the law," holding that the practice adopted and followed by the state's Supreme Court is essentially "the most liberal construction which the courts can possibly give." *Id.* at 869.

As to a former version of the statute which on its face appeared less generous to

---

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

. . . . .

(2) a nonpossessory, nonpurchase-money security interest in any—
(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal,

family, or household use of the debtor or a dependent of the debtor. . . .
11 U.S.C. § 522(f)(2)(A).

**4.** We note that bankruptcy courts have reached different conclusions as to whether a state may vary the nature of the interest in the exempt property for which the debtor may claim an exemption, as opposed to merely the types or items of property that may be exempted, i.e. some states limit an exemption to the debtor's equity after accounting for consensual liens. *See* 1 Bankr.L.Ed. *Summary* (LCP B–W) § 4:104 at 258 (Supp.1988). This issue was neither

the debtor [5], the Washington State Attorney General determined that "A television set may be included in the exemption from execution allowed a household." AGO 170 (1959–60).

We have not been able to find other state statutes similar to, or cases dealing with the specifics of, RCW 6.16.020(3)(a). However, a number of state statutes allow for exemption of household goods or furnishings if "necessary" or "necessary for sustaining life." *See, e.g., Coleman,* 5 B.R. 76 at 78; 1 Bankr.L.Ed., *Summary* (LCP B–W) § 4:104 (1981 & Supp.1988); 3 Bankr. L.Ed. *Code Commentary and Analysis* (LCP B–W) § 22:33 (1983 & Supp.1988).

In this regard, the term "necessary" is not literally construed; rather, it is more generally agreed that it "encompasses more than those items that are indispensable to the bare existence of the debtor and his family and includes items that are convenient or useful to the debtor or his family or that enable them to live in a comfortable and convenient manner." *Coleman* at 78; 3 Bankr.L.Ed. § 22:33 at 57. *Coleman* held that a stereo system with receiver, turntable, two tape recorders and two speakers constituted exempt household furnishings or household goods as those terms would be construed under state statutes considered there by the court, as well as under the federal Bankruptcy Code. *Coleman* looked to state exemption laws for guidance in construing "household furnishings" and "household goods" under the Bankruptcy Reform Act of 1978, i.e. § 522(d), (f). We note in contrast to the state provisions considered in *Coleman* that the Washington statute in question here does not modify the exemption it provides for a family's household goods, appliances, furniture, home and yard equipment with the term "necessary."

When finding that a creditor's lien could be avoided on a variety of audio and/or video equipment, answering machine, games, recreational equipment and tools, another court followed the approach of *Coleman,* holding as follows under § 522(f)(2)(A):

> [H]ousehold goods and furnishings includes any personal property which is normally used by and found in the residence of a debtor and his dependents or at or upon the curtilage of said residence. This definition also includes personal property that enables the debtor and his dependents to live in a usual convenient and comfortable manner or that has entertainment or recreational value even though it is used away from the residence or its curtilage.

*In re Bandy,* 62 B.R. 437, 439 (Bankr.E.D. Cal.1986).

We believe the standards articulated by the courts in *Coleman* and in *Bandy* are appropriate for defining the scope of the Washington State household goods exemption provision in light of the lack of any limiting language therein and the policy for liberal construction of Washington's exemption statutes.

3. *Application of the Relevant Standards to the Items of Property at Issue Here*

 In this regard, considering the individual items at issue, some of them are covered by specific statutory language, e.g., the "yard equipment" (lawnmower, picnic table and benches). Former RCW 6.16.020(3)(a) (current version at RCWA 6.15.010(3)(a) West Supp.1988).

As for the telephone equipment, a telephone is virtually a universal household item in this nation. Telephone answering machines, although not universal, are com-

---

raised, nor briefed by the parties and we do not decide it.

5. Washington's earlier household exemptions statute provided:

The following property shall be exempt from execution and attachment, except as hereinafter specially provided:

. . . . .

(3) To each householder one bed and bedding and one additional bed and bedding for each additional member of the family, and other household goods and utensils and furniture not exceeding five hundred dollars coin in value....

RCWA 6.16.020(3) (West 1963).

mon and perform an extremely useful function in a modern home. Under California law, telephone answering machines have been found to be exempt household goods. *Lucas*, 62 B.R. at 952. We believe that the same would be found by a Washington State court under Washington law.

We agree with the conclusion reached over two decades ago by the Washington Attorney General that a television should be considered an exempt household good. AGO 170 (1959–60). Televisions, as well as radios, are common household equipment used as sources of information and education, as well as entertainment. The other audio/visual articles at issue, stereo and VCR, have been considered by other courts and found to be exempt household items because widely used and accepted sources of family utility or benefit. *Lucas*, 62 B.R. at 951–52; *In re Beard*, 5 B.R. 429, 432 (Bankr.S.D.Iowa 1980).

The same reasoning can be applied to various other items claimed by the debtor. For example, although the tools, including adding machine, sewing machine, drill and table saw, may not be found in every home, their use in a personal residence would not be considered extraordinary. In the absence of evidence that these items are not held for the debtor's personal or household use, we find they are embraced within the scope of exempt household property under Washington law consistent with the standards applied by the court in *Bandy*. 62 B.R. at 438–39.

Even antiques should not lose their status as exempt household goods or furnishings if used or appreciated around the home. Under Kansas law, antiques, which were actually used and displayed around the home, were found to be exempt household furnishings. *Walnut Valley State Bank v. Coots*, 60 B.R. 834, 835–37 (D.Kan. 1986).

As to the sports or hobby equipment, courts have differed on whether purely recreational property may be exempted. *Compare, Beard*, 5 B.R. at 430 (camera and skis did not qualify as exempt property under § 522(f); no reason given and none apparent because court found that stereo and VCR were exempt as widely accepted sources of family entertainment and enjoyment) *and In re Ruppe*, 3 B.R. 60 at 61 (Bankr.Colo.1980) (camera and projectors because recreational are not exempt under Colorado law and § 522(f)) *with Lucas*, 77 B.R. at 245 (golf clubs, exercise bike and camera are recreational, but exempt under California law) *and Bandy*, 62 B.R. at 438, 439 (golf clubs, exercise bicycle, and video game exemptable under § 522(f)). Applying the standards from *Coleman* and *Bandy*, we find that the sports equipment and camera at issue here are also exempt under Washington law. Accordingly, we conclude that all the items of collateral involved here are articles that would be considered by a Washington court to be exempt household property.

As explained in a decision, involving Credithrift, from another jurisdiction, which found the lien avoidance provisions to be constitutional as applicable to liens arising after the enactment date of the Code:

... [Section] 522(f) was adopted specifically in recognition of the fact that some creditors lending money to a consumer debtor will take a security interest in all of the debtor's household goods, and then have the debtor waive his exemption rights. The creditor then may use threats of repossession as a means of leverage in obtaining payment. Although the household goods themselves may be of little resale value, the replacement cost is high, so the debtor is coerced into making payments he simply cannot afford to make....

Since the purpose of Sec. 522(f) is to remedy the effect of an overreaching creditor on an uninformed debtor, it would seem that in all fairness the results should differ where the property in question is truly valuable and was given as security due to its value.... [The statute's] application should not be extended beyond the evil it attempts to reach.

*Webber v. Credithrift (In re Webber)*, 7 B.R. 580, 585 (Bankr.D.Or.1980) (*quoting U.S. Life Credit Corp. v. Steinart*, 4 B.R. 354, 2 C.B.C.2d 166, 171 (Bankr.W.D.La. 1980)).

*In re Ruppe* demonstrates the literal and restrictive approach of the exemption of personal items kept for use in the family home. *Coleman* illustrates a liberal approach. We believe that *Coleman* is more consistent with the view of Congress. Public policy as enacted in exemption legislation is best carried out with liberal construction. Moreover, it is not likely that Congress intended that bankruptcy courts become arbiters in determining which items of nominal value, the stuff of which garage sales are made, may be exempt or not. The various states and Congress have placed a monetary ceiling on what can be claimed. This is the primary safeguard, precluding a debtor from exceeding the limit placed on exemptions. All of the property involved in this case would be of minimal value if repossessed and sold by Credithrift. This demonstrates the apprehension voiced in *Webber*, concerning the motivation which may attend the imbalance in value of the collateral to the creditor and to the debtor.

### DECISION AND ORDER

Considering the nature of the property and value thereof, the statutory requirements for exemption are met. Credithrift's motion is denied. The debtor's motion is granted.

It is so ORDERED.