Filed 1/28/14  Universal Home Improvement v. Robertson CA1/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| UNIVERSAL HOME IMPROVEMENT, INC., <br><br>      Plaintiff and Respondent, <br><br> v. <br><br> JAMES ROBERTSON et al., <br><br>      Defendants and Appellants. | A138995 <br><br> (San Mateo County <br> Super. Ct. No. CIV495673) |

### INTRODUCTION

Defendants and judgment debtors James and Katherine Robertson appeal from an order of the San Mateo County Superior Court, denying James's claim of exemption from wage garnishment.  Defendants contend the court erred in denying the claim of exemption of earnings necessary for the support of the judgment debtor and his family. (Code Civ. Proc., § 706.051, subd. (b).[1])  They contend that they complied with statutory requisites by filing the claim of exemption and  financial statement  (§§ 706.105, subd. (b)), that the only evidence in the record was the financial declaration of James in support of the claim of exemption, and that the court was therefore required to apply the presumption the judgment debtor fairly and honestly claimed the exemption in the absence of evidence of fraudulent purpose.   Finally, defendants contend that even if plaintiff's specific objections to particular expenditures were properly denied, they would

---

[1] Unless otherwise indicated, statutory references are to the Code of Civil Procedure, and citation references to "Rules" are to the California Rules of Court.

amount to only $210, so that even removing that amount, a shortfall of more than $1,800 between defendants' income and expenses would make those items irrelevant.

Plaintiff Universal Home Improvement, Inc. argues that because the record before us does not contain a reporter's transcript of the hearing, defendants cannot challenge the sufficiency of the evidence on appeal. Plaintiff further contends defendants have waived the issues raised by this appeal by failing to first present them to the trial court. Alternatively, plaintiff argues substantial evidence supports the order denying the claim of exemption. Finally, plaintiff seeks sanctions for the filing of a frivolous appeal and for defendants' failure to include in the record a "register of actions" required by Rules 8.122(b)(1) and 8.124(b)[2].)

We shall affirm the order and deny the request for sanctions.

## BACKGROUND

On January 28, 2013,[3] an amended judgment was entered in favor of plaintiff on its third amended complaint for breach of contract against defendants. The judgment awarded plaintiff a total of $5,230,014.62 (including a $40,000 punitive damages award, costs and prejudgment interest), plus $472,840.50 in attorney fees. Various proceedings in connection with enforcement of the judgment followed, including bench warrants issued for the arrest of defendants (later recalled, and then reissued) for failing to appear at examinations. On or about March 4, a writ of execution for money issued to Placer County in the amount of $5,280,190.42.

On March 7, plaintiff filed a separate complaint to set aside fraudulent transfer, to establish conspiracy, and to impose constructive trust against defendant Katherine Robertson, contending that in April 2012, less than one month following trial and the initial judgment in favor of plaintiff, she had transferred her real property in Mariposa County to her sister, for no or inadequate consideration. (*Universal Home Improvement,*

---

[2] We note that while defendants did not list the register of actions in their designation of the record on appeal, the clerk's transcript before us does contain a "Register of Actions" for this case.

[3] All dates hereafter are in 2013, unless otherwise indicated.

*Inc. v. Katherine M. Robertson et al.* (Super. Ct. Mariposa Co., 2013, No.CIV-10323.) On June 24, after the court's denial of defendants' claim of exemption, plaintiff dismissed this fraudulent conveyance action against Katherine Robertson, without prejudice.

In mid-April, defendant James Robertson filed with the Placer County Sheriff a claim of exemption (wage garnishment), accompanied by a financial statement that was executed under penalty of perjury by both defendants. In the claim of exemption, James stated under penalty of perjury that all earnings were needed to support himself and his family. The accompanying financial statement reported defendants' monthly take-home pay (minus payroll deductions) as $2,195.73. Subsection (d) asking for "Other money I get each month from (*specify source*)" was left blank. Defendants reported two older cars valued at $3,800, cash as "0", checking, savings and credit union accounts as "0", and real estate equity as "0". They reported monthly expenses for defendants and other dependents as $4,280. (Among other things, these expenses included $100 for "school, child care," $50 for "entertainment," and $60 for "installment payments." Defendants failed to include the "creditor's name" or the "balance owed" for the $60 monthly installment payment.)

Plaintiff filed a notice of opposition to claim of exemption (wage garnishment)" on April 26, stating the earnings were "partially exempt" and that the "amount not exempt per month is: $548.93." This sum equals 25 percent of defendants' claimed income. (California law limits the amount of earnings which may be garnished in satisfaction of a judgment to no more than 25 percent of a worker's "disposable earnings.") (§ 706.050; *Barnhill v. Robert Saunders & Co.* (1981) 125 Cal.App.3d 1, 6 and fn. 2; see also 15 U.S.C. § 1673.) Plaintiff specified in its notice of opposition that it objected to the exemption because: "None of the alleged expenses are substantiated by documentary evidence. In addition, considering that the debtor indicates that his spouse is not employed, the purported child care expenses are not necessary. In addition, the debtor's unidentified installment payments and entertainment expenses are not necessary for the support of the debtor and the debtor's family." On April 26, plaintiff filed and

3

served defendants with a notice of motion for an order determining the claim of exemption to be heard on May 22.  Defendants failed to appear at the May 22 hearing.  The court denied the judgment debtors' claim of exemption and directed the levying officer to release any earnings held to the judgment creditor for payment on the judgment.  This timely appeal followed and we granted defendants' motion for calendar preference.

## DISCUSSION

The parties dispute whether the record designated by defendants was adequate.  Plaintiff contends that in the absence of a reporter's transcript of the hearing, defendants may not mount a challenge to the sufficiency of the evidence, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [refusing to remand to the trial court to determine whether the court used the lodestar method to determine attorney fees where the complaining party failed to supply a reporter's transcript or settled statement] and *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters.*  To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error.  [Citation.]  The effect of this rule is that an appellant who attacks a judgment but supplies no reporter's transcript will be precluded from raising an argument as to the sufficiency of the evidence.  [Citations.]"].

Defendants counter that the issue is a matter of law, because plaintiff did not present any evidence in support of its opposition to the claim of exemption and because Rule 3.1306[4] requires with respect to motions that, "[e]vidence received at a law and

---

[4] Rule 3.1306 **"Evidence at Hearing"** provides:
"**(a) Restrictions on oral testimony.**  Evidence received at a law and motion hearing must be by declaration or request for judicial notice without testimony or cross-examination, unless the court orders otherwise for good cause shown.
"**(b) Request to present oral testimony.**  A party seeking permission to introduce oral evidence, except for oral evidence in rebuttal to oral evidence presented by the other party, must file, no later than three court days before the hearing, a written statement

4

motion hearing must be by declaration or request for judicial notice without testimony or cross-examination, unless the court orders otherwise for good cause shown." (Rule 3.1306 (a).) The introduction of oral evidence (except in rebuttal to oral evidence presented by the other party) requires prior notice and "a written statement stating the nature and extent of the evidence proposed to be introduced . . . ." (Rule 3.1306 (b).) A party's request for judicial notice requires the party to "provide the court and each party with a copy of the material. If the material is part of a file in the court in which the matter is being heard, the party must: [¶] . . . Specify in writing the part of the court file sought to be judicially noticed." (Rule 3.1306 (c).)

We do not agree with defendants that no reporter's transcript is required on motions proceedings. (See *Maria P. v. Riles, supra,* 43 Cal.3d at pp. 1295-1296 [attorney fee motion brought on declarations].) However, the absence of a reporter's transcript of the claim of exemption motion in this case is not necessarily fatal to defendants' challenge. As stated above, the rules regarding hearings on motions generally require that evidence be by declaration or request for judicial notice and that permission for oral testimony must be secured in advance of the hearing through a written statement of the nature and extent of the evidence proposed to be introduced. (Rule 3.1306.) Plaintiff does not contend and the record does not indicate it either sought or obtained such permission. The question, then, is whether resolution of the appeal requires consideration of any part of the oral proceedings. (See Eisenberg et al., Civil Appeals and Writs (The

---

stating the nature and extent of the evidence proposed to be introduced and a reasonable time estimate for the hearing. When the statement is filed less than five court days before the hearing, the filing party must serve a copy on the other parties in a manner to assure delivery to the other parties no later than two days before the hearing.

"**(c) Judicial notice.** A party requesting judicial notice of material under Evidence Code sections 452 or 453 must provide the court and each party with a copy of the material. If the material is part of a file in the court in which the matter is being heard, the party must: [¶] (1) Specify in writing the part of the court file sought to be judicially noticed; and [¶] (2) Make arrangements with the clerk to have the file in the courtroom at the time of the hearing."

Rutter Group 2013) ¶ 4:18, p. 4-6; *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699-700; Rule 8.120 (b).)

As Eisenberg explains: "If there was no testimonial evidence in the trial court proceedings, it is usually unnecessary to designate a reporter's transcript of oral argument in connection with various motions. . . ." (Eisenberg et al., Civil Appeals and Writs, *supra,* at ¶ 4:38, p. 4-10.) In other words, absent error on the face of the record, we conclusively presume the judgment is correct as to all evidentiary matters—that is, that the absence of error would have been shown by the unreported proceedings. (*Id.* at ¶ 4:53, p.4-14.) However, where the claimed error does appear on the face of the record, we will not presume that it was cured by some proceeding not appearing in the transcript. (*Id.* at ¶ 4:54, p. 4-14.) We deny plaintiff's invitation to dismiss this appeal or to summarily affirm it on the basis of the absence of a reporter's transcript. Still, we do not agree with defendants that error appears on the face of the record or that the issues presented here must be determined as a matter of law.

Defendants assert that absent additional evidence, the court was required to apply the presumption that a judgment debtor honestly and fairly claims an exemption from enforcement of a judgment. (*Independence Bank v. Heller* (1969) 275 Cal.App.2d 84, 87.) Two important caveats inform this rule. The first is that the burden of proof is upon the party claiming the exemption (§ 703.580, subd. (b) ["At a hearing under this section, the exemption claimant has the burden of proof"].) The second is that the presumption only applies in the absence of a fraudulent purpose. In *Independence Bank v. Heller,* the debtor claimed the property (luxurious furnishings) was exempt as "necessary household furniture" under former section 690.2.[5] (*Id.* at pp. 85-86.) The Court of Appeal affirmed the order of the trial court that most of the furniture and furnishings were exempt and that several statutes and pictures were subject to execution. (*Id.* at p. 86.) The appellate court "presumed" the debtor "intended to pay the judgment . . . as soon as he was able to pay it; he did not invest his money in the furniture for the purpose of putting it beyond the reach

---

[5] Section 704.020 supersedes the first sentence of former Section 690.1. (Legis. Com. com., West's Ann. Code Civ. Proc. (2009 ed.) § 704.020, p. 61.)

of his creditors and had no intent or purpose to defraud them." (*Id.* at p. 87.)  It stated it "must consider the foregoing as established facts under the presumption in favor of fair and honest dealing and against fraud, *in the absence of evidence contradictory of the presumptions.*  It was not incumbent upon [the debtor] to introduce evidence that he had honest intentions, and he introduced none; the bank introduced no evidence which tended to prove that [the debtor] acted with a fraudulent purpose.  [¶] In view of the presumed good faith of [the debtor] and the court's application of the law to the implied findings upon the factual issue and because the exemption laws should be liberally construed we have concluded the order should be affirmed." (*Id.* at p. 87, italics added.)  The appellate court deferred to the trial court's implied findings, recognizing that "the claim of exemption created a purely factual question as to what [was] necessary household furniture" (*id.* at p.89) and concluding it was proper for the trial court "to consider and give due weight to the testimony of [the debtor] that he had furnished his apartment in a manner to which he had been long accustomed" (*id.* at p. 88).

The court below was not required to make findings in support of its determination. (§ 703.580, subd. (d).)  Giving due deference to the determination of the trial court, we conclude the record before us would support an implied finding that defendants acted with a "fraudulent purpose" in submitting their claim of exemption, sufficient to rebut the presumption that such claim was honestly and fairly presented.  Plaintiff has provided no authority for its assertion below that documentary evidence supporting defendants' claim of exemption was *required* to establish such claim.[6]  Nevertheless, the absence of any documents substantiating defendants' claim of exemption is a factor the court could

---

[6] The statute anticipates that the court can make its determination solely on the basis of the claim of exemption, the financial statement and the opposition.  "The claim of exemption is deemed controverted by the notice of opposition to the claim of exemption and both shall be received in evidence. *If no other evidence is offered, the court, if satisfied that sufficient facts are shown by the claim of exemption (including the financial statement if one is required) and the notice of opposition, may make its determination thereon.*  If not satisfied, the court shall order the hearing continued for the production of other evidence, oral or documentary." (§ 703.580, subd. (c), italics added.)

7

consider, among others, in determining whether defendants' purpose was fraudulent. The court could also consider on the question of defendants' honesty and fair dealing, their failure to identify the person or entity to whom they claimed they owed a monthly installment payment. More tellingly, the court could determine the *failure to respond at all* (even by entering a "0"to the question asking for *other sources of income*), together with defendants' claim of ongoing expenses in an amount *twice* their claimed income from all sources, constituted circumstantial evidence that the claim of exemption and financial statement did not present an honest or fair picture of defendants' real financial state. [7] In short, the record before us supports the inference that defendants' claim of exemption was submitted with a fraudulent purpose and that defendants did not sufficiently carry their burden of proof of the claimed exemption. (§ 703.580, subd. (b).)

## DISPOSITION

The order denying defendants' claim of exemption is affirmed. Plaintiff's request for sanctions is denied. Each party shall bear their own costs on this appeal.

---

[7] Although not the basis for our conclusion here, we also note that the judicial officer who denied this claim of exemption was well placed to consider the question of honesty and fairness in evaluating the claim of exemption, as he had presided over various postjudgment enforcement proceedings, including those at which he issued bench warrants for defendants' nonappearance at noticed debtor examinations.

8

_____

Kline, P.J.

We concur:

_____

Richman, J.

_____

Brick, J,*

\* Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.