[Civ. No. 10166.  Second Appellate District, Division Two.—January 18, 1935.]

DUNCAN ERNEST STEWART, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

S. S. Hahn and W. O. Graf for Petitioner.

Everett W. Mattoon, County Counsel, and D. De Coster, Chief Deputy County Counsel, for Respondent.

SCOTT, J., *pro tem.*—An interlocutory decree of divorce was granted in respondent court to the wife of petitioner, in an action entitled *Stewart* v. *Stewart*, D106–714, in January, 1933. Petitioner seeks a writ of mandate to compel the entering of a final decree, which has been withheld until back alimony, support for child and attorney's fees have been paid.

About eleven months after entry of interlocutory decree the presiding judge of said court signed an *ex parte* order on application of the wife directing that the final decree should not be entered until the husband had paid up his arrears. On August 6, 1934, another judge of said court conducted a hearing on the questions of modification of the order and contempt. The order to show cause *in re* contempt was dismissed on stipulation, and it was found that petitioner was in arrears $1500 on alimony and support and $750 on attorney's fees. He was ordered to pay $25 per month on the former amount and a similar sum on the attorney's fees each month, commencing August 20, 1934, to pay $300 forthwith on attorney's fees and keep up the current support payments, which the court reduced somewhat in amount at the same time. On November 8, 1934, petitioner asked the court to enter the final decree, and it appeared that he complied with the terms of the order of August 6, 1934, the written order being dated September 4, 1934.

█ Either party is entitled to request entry of a final decree of divorce. (Civ. Code, sec. 132.) "Mandate is an appropriate remedy to compel the entry of such a final decree where the court's duty is plain and unmixed with the exercise of discretionary powers." (*Olson* v. *Superior Court,* 175 Cal. 250 [165 Pac. 706, 1 A. L. R. 1589]; *Claudius* v. *Melvin,* 146 Cal. 257 [79 Pac. 897].) █ Where facts are shown entitling movant to such final decree it is the duty of the trial court to enter it (*Olson* v. *Superior Court, supra; Newell* v. *Superior Court,* 27 Cal. App. 343 [149 Pac. 998]); for when such facts appear without dispute "its entry by the court is in the nature of a ministerial act". (*McGuinness* v. *Superior Court,* 196 Cal. 222, 229 [237 Pac. 42, 40 A. L. R. 1110].) However, if there are matters requiring the exercise of the court's discretion, it is obvious that the entry of a final decree is a judicial act and "not merely a clerical act consequent upon a previous judicial act". (*Gloyd* v. *Superior Court,* 44 Cal. App. 39, 42 [185 Pac. 995].)

█ It is urged that petitioner should not receive the assistance which he here seeks because he is in contempt of the trial court for noncompliance with orders included in the interlocutory decree and in the intervening *ex parte* order signed by the presiding judge. "No party to an action can, with right or reason, ask the aid and assistance of a court in hearing his demands while he stands in an attitude of contempt to its legal orders and processes." (*Weeks* v. *Superior Court,* 187 Cal. 620, 622 [203 Pac. 93, 94].) We must conclude, however, that the *ex parte* order, made after the entry of the interlocutory decree, was a nullity and ineffectual for any purpose. Neither does it appear that when petitioner requested entry of the final decree in November of 1934 he was in contempt of court, since at the hearing the previous August the contempt citation had been dismissed and the order which had been made a part of the interlocutory decree was modified as above set forth, and petitioner thereafter had fully complied with the terms of the order as so modified.

No other reason has been advanced for denying the entry of the final decree and petitioner is entitled to the issuance of the writ as prayed.

It is so ordered.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 15, 1935, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 18, 1935.

Waste, C. J., Langdon, J., and Thompson, J., voted for a hearing.