[Civ. No. 50930. Second Dist., Div. One. Aug. 23, 1977.]

In re the Marriage of CLINT and JUANITA REESE.
CLINT REESE, Appellant, v.
JUANITA REESE, Respondent.

COUNSEL

Erica Hahn for Appellant.

No appearance for Respondent.

## OPINION

**HANSON, J.**—Clint Reese appeals from trial court orders regarding the payment of filing fees and child support in connection with the interlocutory judgment of dissolution of his marriage.

## FACTS

Clint and Juanita Reese were married July 5, 1968, and separated two years later. The three children of the marriage have resided for at least the last five years with their mother, Juanita Reese.

Husband filed a petition for dissolution of marriage on February 4, 1976. At the same time, he filed a declaration in support of an application for leave to file in forma pauperis. Husband therein declared that his estimated earnings as a musician were $250 a month and he had no other resources. On the basis of this declaration, the court granted permission to proceed in forma pauperis.

Husband thereafter filed a financial declaration in which he reiterated his estimated earnings, and declared that he owned a guitar and an amplifier, and had living expenses of $270 per month.

At the interlocutory hearing held on June 11, 1976, husband's financial status was examined by the court. Husband testified that his wife was "on the County"; that he was a musician; that he worked with a group approximately two days per week; and that he received from $30 to $45 per day. Since this was a default hearing, no conflicting evidence was presented. The trial court granted the petition for dissolution of marriage, granted custody of the three children to wife, ordered husband to pay a total of $195 per month child support, and also ordered him to pay filing fees (contradicting its previous order).

An interlocutory judgment incorporating these orders was entered on October 26, 1976. Husband moved for a new trial and reconsideration of the court's orders relating to child support and filing fee on the ground of insufficiency of the evidence. This motion was heard and denied, without the taking of any further evidence, on December 3, 1976.

## ISSUES

Husband contends that the order requiring him to pay filing fees deprived him of his constitutional right to obtain a dissolution of his marriage and that the order for child support constituted an abuse of discretion because it was excessive in amount.

## DISCUSSION

 Husband contends that the trial court order requiring him to pay filing fees deprived him of his constitutional right to dissolve his marriage. We agree.

"We begin with the indisputable proposition, . . . that if petitioner is in fact indigent [he] is entitled to file [his] action for dissolution of marriage without the payment of a filing fee. *Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780], stands for the concept that a court may not refuse an indigent the right to file an action for divorce on the ground that the filing fee has not been paid, if the action is commenced in good faith. The Supreme Court held that such refusal amounted to a denial of due process of law since it deprived an appellant, solely by reason of poverty, of an opportunity to be heard upon the claimed right to a dissolution of marriage." (*Earls* v. *Superior Court,* (1971) 6 Cal.3d 109, 113, fn. omitted [98 Cal.Rptr. 302, 490 P.2d 814].)

Husband's declaration in support of his motion to proceed in forma pauperis established a prima facie showing of indigency. His motion was granted and he filed his petition for dissolution. However, at the interlocutory hearing the trial court itself raised the matter of the payment of filing fees. Whenever a motion to proceed in forma pauperis is supported by an affidavit or declaration sufficient on its face to show indigency the court must grant the motion unless it doubts the truthfulness of the allegations in which event it may take additional evidence. In any event, the court is required to state its reasons if the petition is denied in order to provide an appellate court with a basis for review (*Earls* v. *Superior Court, supra,* 6 Cal.3d at pp. 114-115).

 Husband made a prima facie showing of indigency and in the absence of conflicting evidence he was entitled to proceed to judgment in forma pauperis. (*Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780].) There is in the record no conflicting evidence and husband's indigency was not expressly disputed. Wife made no appearance and there is no indication in the record of disbelief or grounds for disbelief of husband's declaration on the part of the trial court. Unless the trial court found good reason to doubt the truthfulness of the factual allegations of husband's declaration and financial statement and so stated in a statement of reasons for denial, it was required to permit him to proceed to judgment without paying filing fees. (*Earls* v. *Superior Court, supra,* 6 Cal.3d at p. 114.)

"Indigents are entitled not merely to access to the courts but to timely access. They may not be subjected to unreasonable delays in securing fundamental rights solely by reason of their poverty." (*Earls* v. *Superior Court, supra,* 6 Cal.3d 109, 117.) Their access to the courts is not limited to prepayment of filing fees but includes proceeding to final judgment.

■ Husband further contends that the amount of child support awarded was an abuse of discretion because of his financial status. The trial court ordered husband to pay a total of $195 per month child support when the undisputed evidence showed that he earned an average of $250 per month.

■ In awarding child support, a basic consideration of the trial court must be the parent's ability to meet the financial needs of the children. (*Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408].) While an award of child or spousal support may be based on ability to earn as distinguished from actual income (*Baron* v. *Baron* (1970) 9 Cal.App.3d 933, 943 [88 Cal.Rptr. 404]), this rule is generally applied only when it appears from the record that there has been a deliberate attempt to avoid financial family responsibilities. (*Philbin* v. *Philbin, supra,* 19 Cal.App.3d 115, 121.) ■ There is nothing in the present record to indicate such an attempt on the part of the husband to avoid responsibilities. Here husband's earning power is limited by the nature of the entertainment field in which he makes his living. (See *ibid.*) After paying from his $250 average monthly earnings the $195 child support ordered by the court, the husband in the present case would be left with only $55 per month for his own living expenses. It would be unrealistic for the court to assume that he could satisfy his needs, even at a bare subsistence level, on this income.

It is true that in awarding child support the trial court must consider the needs of the dependents. (*In re Marriage of Acosta* (1977) 67 Cal.App.3d 899, 903 [137 Cal.Rptr. 33].) However, no evidence was presented to the court relating to the needs of the children. Under the circumstances of the present case, where the evidence suggests merely that the family is indigent and the mother is supporting the children on welfare payments, the husband's financial status is the controlling factor in determining the appropriate amount of support.

We note the existence of a schedule of child and spousal support payments which is set forth in the guidelines for initial order to show cause recently established by the Los Angeles Superior Court. Although

this is not binding upon the trial court, it nonetheless suggests that there is a certain minimum subsistence level income which the husband should be able to retain in order to encourage him to remain employed and self-supporting. The amount of the support award is based on total net monthly income; for an employed spouse with a net monthly income of $400 the maximum award of child support, regardless of the number of children, is $100 per month. This tends to support our view that the amount awarded in the present case is excessive. It should not be based on the husband's maximum potential earnings but on his current average earnings, which in this case are established to be $250 per month.

While we will not substitute our determination of the amount of child support for that of the trial court, it appears from the guidelines that $100 would be the maximum appropriate support order in the present case. However, the trial court should also consider the consequences of its order in terms of the effects on the husband. Even the payment of $100 by a man earning only $250 constitutes a drastic reduction in the amount of his earnings available to him to provide for his own needs.

### DISPOSITION

As to those portions of the interlocutory judgment of dissolution of marriage appealed from, we reverse as to the order relating to filing fees; we reverse and remand with instructions for the trial court to reconsider its order for child support payments and enter an order consistent with the views set forth in this opinion.

Wood, P. J., and Thompson, J., concurred.