[Civ. No. 18528. Fourth Dist., Div. One. July 26, 1979.]

In re the Marriage of DOLORES and REYNALDO SANABIA.
DOLORES SANABIA, Appellant, v.
REYNALDO SANABIA, Respondent.

Linda M. Cabulong, Steven Hartwell and Charles Wolfinger for Appellant.

No appearance for Respondent.

## Opinion

**BUTTERMORE, J.**\*—After 10 years of marriage Dolores and Reynaldo Sanabia separated in March 1977. She obtained an interlocutory decree of dissolution by default and appeals these portions of the decree which (1) condition entry of a final judgment on reimbursing the county the filing fee previously waived because of her indigency and (2) ordering her to partially reimburse the county for welfare child support payments.

The superior court had granted Dolores' petition to proceed in forma pauperis, allowing her to file her proceeding for dissolution without paying the usual fee of $57.50. The order included the printed statement: "IT IS FURTHER ORDERED that San Diego County acquire a lien on any settlement or award in the case to the extent of any fees and costs that are hereby waived."

At the default hearing the court found the total value of the meager community property assets to be $315 and awarded all but a stereo and black and white television set to Dolores. Reynaldo was given the television, and the stereo, valued at $100, was ordered sold. "Respondent's share of the proceeds from the sale of the stereo are to be used as payment of the Petitioner's filing fee in the amount of $57.50 payable to the County Clerk. The remains of the proceeds, the Petitioner's share are liened for child support and are to be paid to Revenue and Recovery. The entry of the Final Decree is conditioned upon payment of the filing fee."

Now, one year after entry of the interlocutory decree, Dolores continues to be married to Reynaldo because she refuses to sell the stereo and moot the issues raised by this appeal. She is still dependent on welfare and unable to pay her filing fee below, or here.[1]

■ Appellant "qualified" as an indigent and her filing fee was waived (*Earls v. Superior Court,* 6 Cal.3d 109, 113 [98 Cal.Rptr. 302, 490 P.2d 814]). She cannot be required to reimburse the filing fee as a condition precedent to the entry of the final decree (*In re marriage of Reese,* 73 Cal.App.3d 120, 125 [140 Cal.Rptr. 589]).

---

\*Assigned by the Chairperson of the Judicial Council.

[1] This court granted Dolores leave to appeal in forma pauperis.

486

Construing the condition precedent against Reynaldo rather than Dolores avails us nothing. The request for final judgment form (Cal. Rules of Court, rule 1288) requires only two things for entry of the final decree of dissolution: (1) no reconciliation or dismissal, and (2) no pending appeal or motion seeking to abrogate the interlocutory decree. If the court refuses to enter the final decree when these requirements are satisfied, mandamus will lie (*Stewart* v. *Superior Court,* 3 Cal.App.2d 702, 704 [40 P.2d 529]).[2] "Entry of the final decree is not a reward for good behavior nor is the refusal to grant it a punishment. Its purpose is to finally dissolve a relationship which has been severed . . ." (*Hull* v. *Superior Court,* 54 Cal.2d 139, 149 [5 Cal.Rptr. 1, 352 P.2d 161]). ■ Apart from the superior court's lack of jurisdiction to condition entry of the final decree on more than the Civil Code section 4514 requirements,[3] the conditions imposed were impermissible. Federal and state law limits the county's claim for reimbursement for child support to the parent who does not have custody. Dolores and Reynaldo have five minor children. She was awarded their custody. Their sole source of support is $454 per month from welfare. Civil Code section 4702, subdivision (a), provides for payment of child support to the county clerk where the mother and children are on welfare. This is part of a federal-state statutory procedure to insure reimbursement to the taxpayers by absent fathers (*In re Marriage of Simmons,* 72 Cal.App.3d 205, 208 [139 Cal.Rptr. 832]). It does not apply to mothers who have custody and qualify for welfare.

The stereo may be ordered sold if necessary to provide equal distribution to the parties of their community property (Civ. Code, § 4800). ■ It may not be ordered sold to satisfy a debt (here court-created) or even a judgment. Code of Civil Procedure section 690.1 exempts from execution "necessary household furnishings and appliances." We hold that a stereo worth $100 fits within the class. (See *Newport National Bank* v. *Adair,* 2 Cal.App.3d 1043, 1045 [83 Cal.Rptr. 1, 41 A.L.R.3d 603], where furnishings of a 14-room home renting for $1250 per month were held exempt from execution.)

Because the part of the judgment appealed by Dolores is so interwoven with the remainder, she may raise and we may consider whether

[2] Entry of the final decree is not mandated if there is the possibility of a reconciliation. (Civ. Code, § 4514; 6 Witkin. Summary of Cal. Law (8th ed. 1974) § 115. p. 4982.)

[3] The former superior court rule required an application for final decree to allege compliance with the interlocutory decree. This requirement is omitted in the present rule 1288.

Reynaldo's exemption rights were also impaired (*Estate of McDill*, 14 Cal.3d 831, 840 [122 Cal.Rptr. 754, 537 P.2d 874]). We hold they were for the same reasons Dolores' were.

That portion of the interlocutory judgment ordering the stereo to be sold and the proceeds used to pay Dolores' filing fee and reimburse the county for child support as a condition precedent to entry of the final decree is reversed and in all other respects the judgment is affirmed.

Brown (Gerald), P. J., and Cologne, J., concurred.

A petition for a rehearing was denied August 20, 1979.